UNITED STATES DISTRICT COURT

Northern District of California

SUSAN A. BUNAG,

                Plaintiff(s),

   v.

AEGIS WHOLESALE CORPORATION,

                Defendant(s).
_____/

No. C 09-00558 MEJ

**ORDER ON DEFENDANT AURORA LOAN SERVICES LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [Dkt. #21]**

Pending before the Court is Defendant Aurora Loan Service LLC's "Motion to Dismiss Plaintiff's [First Amended] Complaint; Motion to Strike" (Dkt. #21). Plaintiff Susan Bunag has filed an Opposition (Dkt. #58), and Aurora has filed a Reply (Dkt. ##48, 63). Additionally, Aurora has filed a both Request for Judicial Notice (Dkt. #21, attachment), and a Supplemental Request for Judicial Notice (Dkt. #62). On June 25, 2009, the Court held a hearing on the instant Motion. After consideration of the parties' briefs, supporting materials, and oral argument, the Court **GRANTS** Aurora's Motion to Dismiss and **DENIES AS MOOT** Aurora's Motion to Strike.

### I. BACKGROUND

On January 22, 2009, Plaintiff initiated this action by filing a Complaint in the Superior Court of Contra Costa County against Defendants Aegis Wholesale Corporation; Mortgage Electronic Registration Systems, Inc.; Providence Real Estate Services, Inc.; Aurora Loan Services; and LandAmerica Default Services ("LandAmerica'). (Dkt. #1, Ex. 1.) On February 6, 2009, Aurora removed the action to this Court pursuant to 28 U.S.C. § 1441, on the basis of federal question jurisdiction. (Dkt. #1 at 2-3.) Following removal, Plaintiff dismissed all defendants from this case except Aurora. Aurora now moves to dismiss Plaintiff's First Amended Complaint ("FAC") in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

1  The relevant facts, taken from Plaintiff's FAC and the documents subject to judicial notice, are as follows.

On September 12, 2006, Plaintiff obtained two loans from Aegis Wholesale Corporation for the purchase of property located at 201 Seaview Drive, Point Richmond, California, 94801 ("the Property"). (FAC ¶1; RJN Ex. 1.) The first loan was for the amount of $784,000 (the "Loan"); the second loan was for the amount of $196,000. (*Id.*) The Loan was secured by a Deed of Trust that was executed on September 12, 2006 and recorded in the public records of Contra Costa County against the Property on September 18, 2006. (FAC ¶1; RJN Ex. 2.) Defendant Aurora services Plaintiff's Loan. (FAC ¶5.)

At some point, Plaintiff failed to make payments on the Loan, and as of February 7, 2008 was $23,585.89 behind. (RJN Ex. 3.) On February 8, 2008, the substituted trustee under the Deed of Trust, Defendant LandAmerica, initiated foreclosure proceedings by delivering to Plaintiff a Notice of Default and Election to Sell Under Deed of Trust. (RJN Ex. 3.) LandAmerica recorded the Deed of Trust on February 11, 2008 in the public records of Contra Costa County. (RJN Ex. 3.) When Plaintiff failed bring the Loan current, LandAmerica filed a Notice of Trustee's Sale on May 12, 2008. (FAC ¶98; RJN Ex. 4.) However, because Plaintiff and her husband had filed for bankruptcy, the sale of the Property was stayed several times. (Supp. RJN Ex. 1-9.) After Plaintiff's last bankruptcy filing was dismissed, a new sale date was set for January 22, 2009. On that date, Plaintiff filed this action. (Dkt. #1, Ex. 1.) Aurora removed the case to this federal Court on February 3, 2009. (*Id.*)

Thereafter, on April 6, 2009, Plaintiff voluntarily dismissed Defendant LandAmerica from the action. (Docket #20.) The following month, on May 22, 2009, Plaintiff voluntarily dismissed Defendants Aegis Wholesale Corporation, Mortgage Electronic Registration, Systems, Inc. and Providence Real Estate Services Inc., leaving Aurora as the only remaining Defendant. (Docket #45.)

Aurora now moves to dismiss Plaintiff's First Amended Complaint in its entirety and with prejudice to Plaintiff re-filing any of her claims.

2

## II. LEGAL STANDARD

**A.    Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Rule 8, which provides the standard for judging whether such a cognizable claim exists, requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, to survive a motion to dismiss, a complaint need not provide detailed factual allegations. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted).

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

In reviewing a motion to dismiss, the court may also consider documents attached to the complaint. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). In addition, the court may consider a matter that is properly the subject of judicial notice, such as matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this

determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**B.     Judicial Notice**

Generally, the court may not consider material other than the facts alleged in the complaint when ruling on a motion to dismiss pursuant to 12(b)(6). Fed. R. Civ. P. 12(b); *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). However, the court may take judicial notice of facts "not subject to reasonable dispute" without converting a motion to dismiss into one for summary judgment if the facts "are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be disputed." Fed. R. Evid. 201. Thus, the court may take judicial notice of facts that are a matter of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Concurrently, the incorporation by reference doctrine allows the court to consider documents referenced in the complaint if the plaintiff's claims depend on the contents of that document, and the parties do not dispute the authenticity of the document, even though the plaintiff did not attach the document to the complaint or explicitly allege the contents of that document. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino v. FHP, Inc.*, 1476 F.3d 699, 706 (9th Cir. 1998)). This exception is designed to "[p]revent [the] [p]laintiff from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which [the plaintiff's] claims are based." *Parrino*, 146 F.3d at 706 (*superceded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006)).

### III. DISCUSSION

**A.     Overview of Plaintiff's Claims**

In her First Amended Complaint, Plaintiff alleges that Defendants "have engaged and continue to engage in a pattern of unlawful, fraudulent or unfair predatory real estate lending practices causing victims of their actions, including Plaintiff [], to lose or be in jeopardy of losing their homes through the foreclosure process because of predatory lending practices on the part of

4

Defendants[.]" (FAC ¶16.) In particular, with respect to the circumstances surrounding her Loan, Plaintiff charges that Defendants: (1) failed to provide proper disclosures in accordance with federal and state law; (2) failed to disclose the true terms of her Loan; (3) charged excessive closing costs and fees; (4) failed and refused to provide escrow final closing documents; and (5) concealed that the Promissory Note and Deed of Trust were transferred to a trust pool pursuant to a Pooling and Servicing Agreement. (FAC ¶¶16(a)-(e).) Based on these allegations, Plaintiff asserts claims for: (1) contractual breach of the implied covenant of good faith and fair dealing (Count Two); (2) violation of California Civil Code sections 1920 and 1921 (Count Three); (3) violation of California Civil Code section 1916.7 (Count Four); (4) rescission (Count Five); (5) unfair business practices (Count Six); (8) breach of fiduciary duty (Count Seven); (9) fraud (Count Eight); and (10) quiet title (Count Nine). Additionally, Plaintiff seeks both declaratory and injunctive relief.

Aurora now moves to dismiss each of Plaintiff's claims with prejudice.

**B.     Counts Two through Seven**

In its Motion, Aurora argues that Counts Two through Seven are based on allegations of wrongdoing taking place at the origination of the loan. (Mot. at 6.) According to Aurora, "[a]ll of these claims are improperly alleged against Aurora because Aurora did not originate the Loan; rather, as Plaintiff admits, it only serviced the Loan." (Mot. at 7.) In her Opposition, Plaintiff proffers the following response:

> Plaintiff respectfully concedes that Aurora may have been "lumped in" to claims against all Defendants in the current action. However, Aurora, as the loan servicer, is responsible for attempting to collect monthly payments on this fraudulently acquired loan. Furthermore, it has been unjustly enriched by way of its continuing participation in this predatory lending scheme due to its monthly demands and acceptance of payments for which it receives a fee.

(Opp. at 9.) As this statement reveals, Plaintiff cannot articulate how, as the servicer of the Loan, Aurora can be liable for claims relating to any acts or omissions that Plaintiff alleges occurred during the loan origination process. Further, at the hearing on this Motion, Plaintiff's counsel was unable to proffer any explanation as to how Plaintiff can maintain Counts Two through Seven against Aurora, given that the claims concern the loan origination with which Aurora had no

involvement. Accordingly, the Court finds that dismissal of these claims is appropriate.[1]

**C.     Count Eight: Fraud**

Plaintiff's FAC indicates that her fraud claim is against Defendants Mortgage Electronic Registration Systems, Aegis Wholesale Corporation, and Providence Real Estate Services. (FAC at 16.) Accordingly, because Plaintiff did not assert this claim against Aurora, and because there are no other defendants remaining in this case, the Court will dismiss this claim.

**D.     Count Nine: Quiet Title**

In Count Nine of her First Amended Complaint, Plaintiff seeks quiet title to her property. Aurora argues that this claim fails because Plaintiff has not - and cannot - allege that Aurora is asserting a superior claim to title to the property. According to Aurora, "[s]ince no foreclosure sale has taken place, this claim is not ripe and Plaintiff's ninth cause of action must be dismissed." (Mot. at 18.) Additionally, Aurora contends that Plaintiff has failed to allege from what date she seeks to quiet title and why such a determination of that date is sought, as is required to plead an actionable claim to quiet title. Further, Aurora asserts that Plaintiff's quiet title claim fails because Plaintiff failed to pay the debt secured prior to bringing the claim. (Mot. at 18.)

In her Opposition, Plaintiff fails to address any of the challenges Aurora raises. Rather, Plaintiff maintains that she has sufficiently pled a quiet title claim because she: (1) included both the street address and the Assessor's Parcel Number for the property; (2) set forth facts concerning the title interests in the property; and (3) asserted "meritorious" claims for rescission and fraud. (Opp. at 16.) Additionally, Plaintiff contends that, "[a]s alleged in her FAC, Defendants' claims are without any right, and Defendants have no title, estate, lien, or interest in the Subject Property in that purported power of sale contained the Deed of Trust is of no force and effect because Defendants' security interest in the Subject Property has been rendered null and void and that the Defendants are not the holder in due course of the promissory note because they were placed in a trust pool pursuant

---

[1]Further, in her Opposition, Plaintiff concedes that she cannot maintain her claims against Aurora premised on the Truth in Lending Act and the Real Estate Settlement Procedures Act, and voluntarily dismisses Counts Three, Four, and Five. (See Opp. at 9, 11.)

6

to the PSA and that any attempts to foreclosure is fraud on the Court. [FAC ¶93]." (Opp. at 16.) Plaintiff further contends that "because Plaintiff properly pled all Defendants' involvement in [] the fraudulent scheme, all Defendants are liable for the acts of its co-conspirators[.]" (Opp. at 16.)

The purpose of an action to quiet title is to establish one's title against adverse claims to real property or any interest therein. *See* Cal. Civ. Proc. Code § 760.020(a). In particular, pursuant to section 760.020(c), Plaintiff must set forth "[t]he adverse claims to the title of the Plaintiff against which a determination is sought." Here, Plaintiff has not - and cannot - allege that *Aurora*, as the Loan servicer, is asserting an adverse interest to the Property. Plaintiff's attempt to get around this requirement by pleading that Aurora conspired with the other Defendants - all of which Plaintiff has dismissed from this action - is unavailing. Likewise, as discussed throughout this Order, because each of Plaintiff's other claims fails (or have been voluntarily dismissed by Plaintiff), the Court does not see how they can support her claim to quiet title. Because of these deficiencies in Plaintiff's quiet title claim, the Court will grant Aurora's Motion to Dismiss as to this claim.

## E.  Declaratory and Injunctive Relief

Aurora next argues that Plaintiff's requests for declaratory and injunctive relief are untenable. In Count One, Plaintiff seeks a declaration that "Defendants are not the holder in due course of the Promissory Note and not entitled to foreclose upon it because Plaintiff here does and has rescinded the loan due to the numerous violations of RESPA, TITLA, and California committed by the Defendants resulting in a loan transaction that is illegal, unjust and therefore, void." (FAC ¶35.) Plaintiff also seeks declarations that "the purported power of sale contained in the Deed of Trust is of no force and effect because of Defendants' security interest in the Subject Property has been rendered void," (FAC ¶36) and that "Defendants are not the holder in due course of the Promissory Note because they were placed in the trust pool pursuant to a PSA and that any attempt to foreclose is a fraud on the Court" (FAC ¶37). In its Motion, Aurora argues that, because Plaintiff has failed to assert any valid claims, she cannot allege any actual controversy or availability of prospective relief, which are necessary to seek declaratory relief. (Mot. at 18-19.) Because Plaintiff has failed to allege how Aurora factors into the declaratory relief she seeks, the Court finds no basis

7

to grant such. *See United States v. Washington*, 759 F.2d 1353, 1356-57 (9th Cir. 1985) ("Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties.") Accordingly, the Court **DENIES** Plaintiff's requests for declaratory relief.

Relatedly, Plaintiff seeks injunctive relief to prevent foreclosure on the Property. She alleges, in part, that "[n]either of the Defendants attempting to singularly or collectively foreclose on the property is the real party in interest in the foreclosure proceeding nor can they be the real party in interest in defending this action." (FAC ¶97(a).) As with Plaintiff's other claims, she fails to set forth any allegations regarding Auroa's conduct that she seeks to enjoin. Having failed to set forth such allegations, there is no basis to grant injunctive relief against Auroa. The Court will therefore deny her request for injunctive relief.

### F. Motion to Strike Punitive Damages

Finally, Aurora moves to strike Plaintiff's request for punitive damages. (Mot. at 20.) As set forth in detail above, because Plaintiff's Complaint does not set forth any actionable claim against Aurora, there is no basis for punitive damages. The Court will therefore deny Aurora's Motion to Strike the punitive damages as moot.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant Aurora Loan Service's Motion to Dismiss as to Plaintiff's First Amended Complaint in its entirety and **DENIES AS MOOT** Aurora's Motion to Strike. Because it is unclear whether Plaintiff can allege any facts to support the claims she has alleged against Aurora, the Court will **GRANT** Plaintiff leave to amend. However, leave is restricted to claims against Aurora.

Plaintiff shall file and serve any Second Amended Complaint no later than **August 17, 2009**.

**IT IS SO ORDERED.**

Dated: July 27, 2009

_____
Maria-Elena James
Chief United States Magistrate Judge

8